

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

September 14, 2018

Honorable Vera M. Scanlon *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Hines, et al. v. City of New York, et al., 18 CV 4678 (JBW) (VMS)

Dear Magistrate Judge Scanlon:

    I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action alleging violations of plaintiffs' civil rights. I write to request an enlargement of time of sixty days from the current due date of September 26, 2018, to November 26, 2018, within which defendant City may respond to the complaint. Defendant asks also that the conference now set for October 3, 2018, at 10:15 a.m., be adjourned to date thereafter. Plaintiffs' counsel has advised me that he consents to these requests.

    In their complaint, plaintiffs Sherry Hines, Monique Hines, and Carl Waites allege that, on or about August 19, 2015, they were subjected to, inter alia, unlawful search and seizure, false arrest, and deprivation of due process rights by New York City police officers. Plaintiffs also alleges claims pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against the City of New York.

    Before this office can adequately respond to the complaint in keeping with our Rule 11(b) obligations, we will need to conduct an investigation into the underlying facts. It appears from plaintiffs' allegations that the records of the underlying criminal matters, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. That investigation entails securing the records underlying the arrest and prosecution, if any, of the plaintiffs and evaluating them vis-à-vis plaintiffs' allegations before conducting discussions with City employees who may have knowledge of the underlying events so as to prepare an informed and meaningful response to the complaint. As the City was only recently served on September 5, 2018, this office is in the process of forwarding to counsel unsealing releases

pursuant to N.Y.C.P.L. § 160.50 for execution by plaintiffs, so that this office may access the necessary underlying records, properly assess the case, and respond to the complaint. Moreover, in order to investigate, we will also need time in which to identify the City employees who were witnesses to the alleged incident, such as the individual defendants who have been identified in the complaint. The amount of time sought in this application is, in our experience, the minimum necessary to accomplish these tasks. In addition to affording us an opportunity to satisfy our Rule 11 obligations, an enlargement of time will afford this office time in which to secure the underlying arrest and other paperwork necessary so that defense counsel can engage intelligently in a discussion regarding the topics specified by Rule 26(f) and prepare meaningfully for the initial conference with the Court by considering the matters contemplated by Federal Rule 16 with the specifics of the case in mind.

       We must also ascertain whether the officers named in this action have been served, and if so, conduct the necessary representational investigation. During a telephone conversation with plaintiffs' counsel earlier today, I was advised that counsel believes that the individual defendants have recently been served. If and when service has been effected, the officers likely will request legal representation from the Office of the Corporation Counsel. As representational issues have not yet been addressed, this request for an extension of time is not made on the officers' behalf. However, once service has been effected, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may sua sponte extend the time to answer on behalf of the individual defendants.

       Once service has been effected, pursuant to Section 50-k of the New York General Municipal Law, this office must then determine, based on a review of the case, whether we may represent the officers. In that regard, where individual employees, such as police officers are named as defendants, this office generally undertakes a review of the relevant records prior to speaking with the employee. A review of the available records generally will reveal if there are pending agency disciplinary charges concerning the case or other matters that could give rise to a conflict of interest between the interests of the City and the interests of the individual employee. The officer, in turn, must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the officer's written authorization to represent him. After this procedure has been followed, we can also discuss with the individual defendant his knowledge of the facts and circumstances of the underlying events, which will inform our strategy in responding to the complaint and in handling the defense of this matter.

       For the above reasons, the City respectfully requests that its time to answer or otherwise respond to the complaint be extended to November 26, 2018, and that the conference now set for October 3, 2018, be adjourned to a date thereafter that is convenient for the Court. No previous request for an enlargement of time in which to respond to the complaint or to adjourn the conference has been made by any defendant. Plaintiffs have made one previous request to adjourn the conference from September 18, 2018, to October 3, 2018, because of a scheduling conflict, which was granted by the Court.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc:   Joshua S. Moskovitz, Esq. *(by ECF)*